IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RHONDA MORTON,                        )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        No. 3:04-CV-278
                                      )
ADVANCE PCS, INC., and                )
RANDY HATFIELD,                       )
                                      )
                Defendants.           )

## MEMORANDUM OPINION

Presently before the court is plaintiff's "Motion to Join and to Amend Complaint" [doc. 18]. No response has been filed. *See* E.D. TN. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). For the reasons that follow, the motion will be granted in part and denied in part.

I.

*Background*

Plaintiff's initial complaint alleges that defendant Advance PCS, Inc. (her former employer) and defendant Randy Hatfield (a local human resources officer) terminated her employment on approximately November 23, 2003, in violation of the Family and Medical Leave Act ("FMLA"). The initial complaint also asserts state law tort claims of intentional (or, in the alternative, negligent) infliction of emotional distress secondary to the termination.

Plaintiff brings her instant motion "pursuant to Rules 19 [sic] of the Federal Rules of Civil Procedure[.]" She seeks to add a defendant as to all existing claims (Cathy Gaudio, a corporate human resources officer), and a new claim (civil conspiracy between Ms. Gaudio and Mr. Hatfield).

## II.

### *Joinder*

By her motion, plaintiff asks - without further explanation - for "joinder of a person needed for just adjudication, in that in the person's absence complete relief can not be accorded among those already parties, and that the Plaintiff be allowed to add additional claims which have been discovered as a result of discovery." Rule 19(a) of the Federal Rules of Civil Procedure, in material part, provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... in the person's absence complete relief cannot be accorded among those already parties[.]" Fed. R. Civ. P. 19(a)(1).

Plaintiff's cursory parroting of Rule 19 does not persuade the court that the joinder rule bears any relevance to the present case. "Rule 19 is the tool of the defendant, as the plaintiff has the power to choose which parties it wishes to sue and generally has ample freedom [under Rule 15] to amend its complaint to add a party." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 669 (6th Cir. 2004). The court's review of the proposed amended complaint indicates that Cathy Gaudio's presence in this civil action is merely *desired* (by

plaintiff) as opposed to *necessary*.  As such, plaintiff's proper avenue for relief is Fed. R. Civ. P. 15.

Rule 19 may not be employed as "a route around the timeliness requirement" of other Federal Rules.  *See Sales v. Marshall*, 873 F.2d 115, 122 (6th Cir. 1989) (citation omitted).  Plaintiff's request for joinder will be denied.

III.

*Amendment*

As noted, plaintiff's motion expressly mentions only Rule 19.  Nonetheless, because the document is captioned in part a motion "to amend complaint," the court will construe the filing as also seeking leave to amend under Rule 15.  That rule provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Despite this generally lenient standard, however, leave to amend should not be granted in instances where the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

A now-expired one year statute of limitations applies both to the proposed emotional distress claims against Ms. Gaudio and to the proposed civil conspiracy claim against Ms. Gaudio and Mr. Hatfield.  *See* Tenn. Code Ann. § 28-3-104; *Braswell v. Carothers*, 863 S.W.2d 722, 725 (Tenn. Ct. App. 1993).  As such, the claims are time-barred,

3

and thus futile, unless saved by one of the three "relation back" exceptions found in Rule 15(c).

Where, as is the case with Ms. Gaudio, a plaintiff seeks to amend her complaint by changing a party, the proposed amendment relates back to the date of the original pleading only if Rule 15(c)(3) is satisfied. That rule provides that

> An amendment of a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). There is no indication that Ms. Gaudio had timely notice of the original complaint as required by Rule 15(c)(3)(A). Moreover, the Sixth Circuit has long construed Rule 15(c)(3)(B) as allowing only the "correction of misnomers" and not the "addition or substitution of new parties." *See Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973). Clearly, Ms. Gaudio is a *new* party rather than a *misnamed* party. Therefore, because the one-year statute of limitations has expired as to all of plaintiff's state law claims, and because plaintiff does not satisfy the relation back provision of Rule 15(c)(3), her motion will be denied to the extent that it seeks to assert state law claims against Ms. Gaudio.

4

As for plaintiff's FMLA claim against Ms. Gaudio, Rule 15(c)(3) is not an obstacle because the statute of limitations has not yet expired. *See* 29 U.S.C. § 2617(c). Plaintiff's unopposed motion will be granted as to the FMLA claim.

Lastly, the motion will also be granted as to plaintiff's conspiracy claim against Mr. Hatfield. Although the statute of limitations has run, Mr. Hatfield is an original defendant. Under Rule 15(c)(2), the conspiracy claim against him relates back to the date of the original complaint because, based on the court's review of the proposed amended complaint, "the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" Fed. R. Civ. P. 15(c)(2).

Plaintiff may file an amended complaint in accordance with the court's ruling no later than November 21, 2005. An order consistent with this opinion will be entered.

ENTER:


_____s/ Leon Jordan_____
United States District Judge

5