IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RHONDA MORTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:04-CV-278 |
| ADVANCE PCS, INC., and RANDY HATFIELD, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

By order dated November 10, 2005 [doc. 20], the court granted in part plaintiff's motion to amend her complaint. Now before the court is defendants' motion for reconsideration [doc. 21] of that order. Plaintiff has responded to the motion, and defendant has submitted a reply. Having considered the arguments raised in the motion for reconsideration, the motion will be denied.

Also before the court is defendants' motion for summary judgment [doc. 24]. Plaintiff has responded to the motion, and defendant has submitted a reply. For the reasons that follow, defendants' summary judgment motion will be denied with leave to renew.

I.

*Background*

Plaintiff's initial complaint alleges that defendant Advance PCS, Inc. (her former employer) and defendant Randy Hatfield (a local human resources officer) terminated her employment in violation of the Family and Medical Leave Act ("FMLA"). *See generally*

*Killian v. Yorozu Auto. Tenn., Inc.*, ___ F.3d ___, 2006 WL 2009034 (6th Cir. July 20, 2006). The initial complaint also asserts state law tort claims of emotional distress secondary to the termination. The court's November 10, 2005 order allowed plaintiff to amend her complaint to add: (1) an FMLA claim against new defendant Cathy Gaudio, who is Advance PCS, Inc.'s corporate human resources officer; and (2) and a claim of civil conspiracy against defendant Hatfield. Plaintiff's amended complaint has not yet been docketed, pending the court's resolution of the motion for reconsideration.

II.

*Analysis*

Primarily, defendants argue that plaintiff's amendment would be futile as to Ms. Gaudio because this court does not have personal jurisdiction over her. Ms. Gaudio is a resident of the state of Arizona. At the time of plaintiff's termination, Ms. Gaudio was a resident of the state of Texas.

Certainly, personal jurisdiction over a corporate officer cannot be based merely upon a court's jurisdiction over the corporation itself. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). Instead, "where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment." *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 698 (6th Cir. 2000).

A federal court "may assume jurisdiction over a nonresident defendant only to the extent permitted by the state's long-arm statute and by the Due Process Clause." *Neal v. Janssen,* 270 F.3d 328, 331 (6th Cir. 2001). Because the Tennessee long-arm statute extends to the constitutional limits of due process, *Payne v. Motorists' Mutual Insurance Cos.,* 4 F.3d 452, 455 (6th Cir. 1993), these two inquiries are merged into the single determination of whether the assertion of personal jurisdiction in this forum violates due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996) (citing *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).

Personal jurisdiction is characterized as either "general" or "specific." *Nationwide*, 91 F.3d at 793-94. Plaintiff does not argue that the broader general jurisdiction applies to Ms. Gaudio, so the court's inquiry must focus on whether specific jurisdiction exists.

Specific jurisdiction lies where the cause of action "arise[s] out of or relate[s] to" a defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984). As noted by the *Balance Dynamics* court, the critical issue in this context is whether the nonresident defendant has sufficient contacts with the forum so that the exercise of jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). The defendant must have engaged in conduct such that she could "reasonably

3

anticipate being haled into court" in this state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). "[E]ven a single act by defendant directed toward Tennessee that gives rise to a cause of action can support a finding of minimum contacts sufficient to exercise personal jurisdiction without offending due process." *Neal,* 270 F.3d at 331(citation omitted).

The Sixth Circuit has articulated a three-part test to determine whether the assertion of specific jurisdiction is appropriate.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). When the first two elements of this test have been met, a presumption arises that the third is also present, and "only the unusual case will not meet this third criterion." *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982).

The court finds that Ms. Gaudio purposefully availed herself of the privilege of acting in - and causing a consequence in - the state of Tennessee. She was the human resources officer of a corporation doing business in this state. Ms. Gaudio was the supervisor of defendant Hatfield, a Tennessee resident. Critically, according to Hatfield's deposition, through at least one telephone call he and Ms. Gaudio jointly decided to terminate plaintiff's

4

employment. Ms. Gaudio trained Hatfield in the performance of his Tennessee human resource position via weekly one-on-one conference calls.

These contacts "proximately result from actions by the defendant *[herself]* that create a substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation and quotation omitted) (emphasis in original). By these significant activities, Ms. Gaudio "manifestly has availed [herself] of the privilege of conducting business [in Tennessee], and because [her] activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require [her] to submit to the burdens of litigation in that forum as well." *Id.* at 476.

That Ms. Gaudio allegedly never entered the state of Tennessee to engage in these activities does not defeat jurisdiction. *Id.*

> [I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Id.*; *see also Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985) ( "[T]he absence of physical contacts will not defeat *in personam* jurisdiction where a commercial actor purposefully directs his activities toward citizens of the forum State and litigation results from injuries arising out of or relating to those activities."). "[I]f a tortious act is committed outside the state and the resulting injury is sustained within the state, the tortious act and the

5

injury are inseparable, and jurisdiction lies in Tennessee." *Chenault v. Walker*, 36 S.W.3d 45, 51 (Tenn. 2001).

*Mohasco*'s "arising from" prong is also satisfied in the present case. Plaintiff's alleged cause of action against Ms. Gaudio clearly arises from Ms. Gaudio's activities directed toward a Tennessee resident. Again, plaintiff has cited evidence that Ms. Gaudio was directly involved in the allegedly unlawful termination.

Lastly, the court finds that Ms. Gaudio's connections with Tennessee are substantial enough to make the exercise of jurisdiction reasonable. As noted, when the first two elements of the specific jurisdiction test have been met, a presumption arises that the third is also satisfied. *J.W. Brewer*, 680 F.2d at 1126. The decision ultimately depends on whether Tennessee has an interest in resolving the matter at issue. *Mohasco*, 401 F.2d at 384. The reasonableness prong "involves merely ferreting out the unusual cases where that interest cannot be found." *Id*.

Factors to be considered include the burden on the defendant, Tennessee's interest in adjudicating the dispute, plaintiff's interest in pursuing effective and convenient relief, and the "efficient resolution of controversies." *World-Wide Volkswagen*, 444 U.S. at 292. In the present case, Ms. Gaudio's burden of litigating in this state is outweighed by Tennessee's interest in this cause of action, *see Mohasco*, 401 F.2d at 384-85; *Southern Systems, Inc. v. Torrid Oven Ltd.*, 58 F. Supp. 2d 843, 851 (W.D. Tenn. 1999), and by

6

plaintiff's interest in pursuing relief in her home forum. The court accordingly finds specific personal jurisdiction over Ms. Gaudio.[1]

### III.

*Conclusion*

Defendants' motion for reconsideration will therefore be denied. Because defendants' summary judgment motion pertains only to the claims and defendants present in the original complaint, it would be premature for the court to rule on that motion at this time. The summary judgment motion will accordingly be denied with leave to renew. *But see generally Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1003 (6th Cir. 2005).[2]

An order consistent with this opinion will be entered.

ENTER:

                                            s/ Leon Jordan
                                           United States District Judge

---

[1] The court rejects defendants' additional argument that the amended complaint is untimely. Plaintiff has explained that she did not become aware of Ms. Gaudio's alleged wrongdoing until the deposition of defendant Hatfield. In light of this case's acrimonious course of discovery, plaintiff's explanation is certainly not implausible. Further, any inconvenience or delay experienced by defendants is lessened by the fact that trial (and the corresponding dispositive motion deadline) has been postponed.

[2] The court observes that, in their summary judgment motion, defendants again attempt to argue that plaintiff's state law claims are barred by the exclusivity provision of Tennessee's Workers' Compensation Law. Defendants' attention is directed to the court's September 27, 2004 memorandum and order [docs. 11, 12] in which defendants' same argument was addressed *and rejected*.